USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/10/2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

CARLOS PAREDES,                      :     10 Civ. 4004 (LMM)
                                           (00 Cr. 841 (LMM) &
            Petitioner,              :     08 Cr. 503 (LMM))

      - v -                          :     MEMORANDUM AND ORDER

UNITED STATES OF AMERICA,            :

            Respondent.              :

------------------------------------x

McKENNA, D.J.

### 1.

The above petitioner pleaded guilty (without a plea agreement) on or about August 19, 2005 to two counts of a superseding indictment (in case 00 Cr. 841) charging him with the violation of: (Count One) 21 U.S.C. §§ 812, 846, 841(a)(1) and 841(b)(1)(A) (conspiracy to distribute and possess with intent to distribute 5 kilograms and more of cocaine); and (Count Two) 18 U.S.C. § 1956(a)(1)(A)(i) and (B)(i) and (h) (money laundering).

Petitioner also pleaded guilty (with a written plea agreement covering both case 00 Cr. 841 and case 08 Cr. 503) on or about July 16, 2008 to one count of an indictment (in case 08 Cr. 503) charging him with violation of 21 U.S.C. §§ 841(a)(1) and 846,

and 18 U.S.C. § 2 (conspiracy to distribute and possess with intent to distribute 5 kilograms and more of cocaine).[1]

The drug counts of the two cases were grouped for sentencing purposes.  The written plea agreement covering the two cases stipulated a total Guidelines offense level of 38, based on the involvement of more than 150 kilograms of cocaine, the assignment of three levels on the ground that petitioner was a manager or supervisor within the meaning of U.S.S.G. § 3B1.1(b), and reduction by three levels for acceptance of responsibility, with a criminal history category of I, resulting in a sentence range of 235-293 months.  (See Letter, AUSA to defense counsel, May 16, 2008, at 2-3.)  The Department of Probation added two levels to the Guidelines total offense level pursuant to U.S.S.G § 2S1.1(b)(2)(B), increasing the offense level to 40 and the Guidelines range to 292-365 months.  (See Presentence Investigation Report ("PSR"), Jan. 9, 2009, at 14 (¶ 66) and 19 (¶ 103)).  The PSR in its final version reflects a reduction by Probation of a four level enhancement under U.S.S.G. § 3B1.1(a) to a three level enhancement under U.S.S.G. § 3B1.1(b).  (PSR at 14 (¶ 68).)

At sentencing, on February 13, 2009, the government and the Court accepted the stipulated Guidelines range of 235-293

---

[1] What is in this district case 08 Civ. 503 was transferred here from the Eastern District of Virginia.

months, (Tr., Feb. 13, 2009, at 4), and the Court imposed a non-Guidelines sentence (id. at 12-13), of 162 months of imprisonment (id. at 16). Petitioner now challenges that sentence pursuant to 28 U.S.C. § 2255.

**2.**

Petitioner argues that the Court erred in accepting Probation's assignment to him of a three level upward role adjustment under U.S.S.G. § 3B1.1(b), at least in part because of the alleged ineffective assistance of his counsel, that counsel should have argued rather for a downward role adjustment under U.S.S.G. § 3B1.2(a), and that the Court's sentence was substantively unreasonable. He asks that his sentence be vacated, and that he be resentenced to the mandatory minimum 120 months.

**3.**

The plea agreement provides, inter alia, that petitioner "will not . . . litigate under Title 28, United States Code, Section 2255 . . . any sentence within or below the Stipulated Guidelines Range of 235 to 293 months. . . ." (Letter, AUSA to defense counsel, May 16, 2008, at 4.) Such a waiver is enforceable where the "plea agreement was entered into knowingly and voluntarily, and with awareness of [the defendant's] waiver of appeal and collateral attack." Garcia-Santos v. Untied States, 273 F.3d 506, 508 (2d Cir. 2001) (per curiam) (citation omitted).

Petitioner's answers under oath to the Court's questions during the July 16, 2008 proceeding demonstrate that the plea agreement here was entered into knowingly and voluntarily and with awareness by petitioner of his waiver of the right of appeal and collateral attack:  the Court advised petitioner that his plea agreement provided that "he won't file an appeal from or challenge, under U.S.C. Section 2241 or 2255, any sentence within or below [the] stipulated guidelines range of 235 to 293 months" (Tr., Jul. 16, 2008, at 3); petitioner testified that he was not then under the influence of any drug or medicine or alcoholic beverage, that he was satisfied with defense counsel's representation, that the plea agreement had been translated for him into Spanish and that the agreement as written correctly stated his agreement with the government as he understood it, that no one had made any promise to him that was not contained in the plea agreement in order to get him to plead guilty, and that he was not forced to plead guilty. (Id. at 4-6.)

Further, neither the petition nor the 24-page Memorandum of Law in Support of Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 Petition by a Person in Federal Custody ("Pet. Mem.") submitted by petitioner claims that he did not understand the waiver contained in the plea agreement. See Garcia-Santos, 273 F.3d at 508.

4

While the foregoing is sufficient to dispose of the petition, the Court also considers the claim of ineffective assistance of counsel.[2]

**4.**

"[I]n order to prevail on an ineffective-assistance-of-counsel claim, a defendant must show (1) that his attorney's performance fell below an objective standard of reasonableness, and (2) that as a result he suffered prejudice." United States v. Jones, 482 F.3d 60, 76 (2d Cir. 2006). "In applying this standard, a reviewing court must 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound [legal] strategy.'" United States v. Gaskin, 364 F.3d 438, 468 (2d Cir. 2004) (quoting Strickland v. Washington, 466 U.S. 668, 689 (1984)).

Here, a large part of plaintiff's argument is focused on the role adjustment included in the Guidelines calculation applicable to him. He spends some time arguing that the four level

---

[2] As appears from the docket, petitioner was represented by a number of defense lawyers during the pendency of his cases. The Court understands that petitioner's claims of ineffective assistance are directed to the last of these, the only one mentioned in the petition and who was representing petitioner at the time of the plea agreement, the plea allocution of July 16, 2008, and sentencing.

5

adjustment of U.S.S.G. § 3B1.1(a) ("organizer or leader") does not apply. (See Pet. Mem. at 5, 10-11.) That enhancement, however, was not applied. Petitioner was assigned a three level adjustment under U.S.S.G. § 3B1.1(b) ("manager or supervisor"). In the case of that enhancement, petitioner argues that his counsel was ineffective in agreeing to it as a part of the stipulated Guidelines range included in the plea agreement, and in not insisting on going forward with a Fatico hearing on the role enhancement issue.

Counsel's decision not to proceed with a Fatico hearing and to agree to (and recommend to petitioner) the three level enhancement is plainly a reasonable tactical decision. Petitioner acknowledges that counsel advised him that the government had four cooperating witnesses who would testify against him. (Pet. Mem. at 10.) It was a reasonable tactical judgment on counsel's part to avoid the potential negative impact on petitioner that that testimony might have had. The Second Circuit "will not normally fault counsel for foregoing a potentially fruitful course of conduct if that choice also entails a 'significant potential downside.'" Greiner v. Wells, 417 F.3d 305, 319 (2d Cir. 2005) (quoting Sacco v. Cooksey, 214 F.3d 270, 275 (2d Cir. 2000) (other citation omitted)).[3]

---

[3] See Gov't Mem. at 21.

Petitioner further argues that he was simply an intermediary or broker in the conspiracy at issue, and should receive a downward Guidelines adjustment as a minimal participant under U.S.S.G. § 3B1.2(a). (Pet. Mem. at 3-5, 10-11.) The government's summary proffer of the evidence (Gov't Mem. at 2-4), however, not only precludes such a downward adjustment, but supports the three-level enhancement.

**5.**

Petitioner, apart from the Guidelines issues discussed above, raises several factual issues regarding the sentence -- principally his incarceration between his arrest and plea and sentence in the Reclusorio Sur jail in Mexico and the Combita jail in Columbia."[4]

Counsel vigorously argued, among other relevant points, petitioner's experience in the Mexican and Columbian prisons, and advocated a non-Guidelines sentence of the 120 month mandatory minimum. (See Letter in Aid of Sentencing, Jan. 6, 2009, passim; Tr., Feb. 13, 2009, at 3-8.

\*   \*   \*

---

[4] Petitioner was arrested in Mexico, transferred to Columbia, and extradited to the United States. (See Gov't Mem. at 4; see also Pet. Mem. at 6-10 (describing jail conditions).)

The Court finds petitioner's role adjustment arguments unpersuasive, and that petitioner has not shown ineffective assistance of counsel.

The petition is denied and dismissed.

Dated: December *10*, 2010

SO ORDERED.

_____
Lawrence M. McKenna
U.S.D.J.